ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| ADA INÉS CARMONA RIVERA<br><br>Recurrente<br><br>v.<br><br>MAYRA GASCOT, Presidenta Junta Directores Condominio Arboleda y TOTAL ADMINISTRATION, INC.; MAYRA BEZARES y SR. FÉLIX COTTO<br><br>Recurridos | KLRA202400530 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos Del Consumidor (DACo)<br><br>Caso Núm.:<br>C-SAN-2024-0017780<br><br>Sobre:<br>Condominios (Ley de Condominios de Puerto Rico 129-2020, según enmendada) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Ada Inés Carmona Rivera solicita que este Tribunal revoque la *Resolución* que emitió el Departamento de Asuntos del Consumidor (DACo), el 22 de julio de 2024, notificada el 23 de julio de 2024. En esta, el DACO desestimó la querella que presentó Carmona Rivera contra la Presidenta de la Junta de Directores del Condominio La Arboleda, Total Administration, Inc. y otros.

Evaluado el recurso, *Revocamos* la *Resolución* recurrida.

## I.

El 21 de diciembre de 2023, Ada I. Carmona Rivera, (recurrente o Carmona Rivera) presentó una querella en el DACo en contra de Mayra Gascot, Presidenta de la Junta de Directores del Condominio La Arboleda, Total Administration, Inc., Mayra Inés Bezares y Sr. Félix Cotto Febo. En esta querella, la recurrente impugnó las actuaciones de la Junta de Directores por

Número Identificador

SEN2024_____

incumplimiento a los Artículos 49[1] (a) (ii) y 58[2] de la Ley 129-2020, conocida como la *Ley de Condominios de Puerto Rico*.   En síntesis, alegó que el 2 de octubre de 2023, el Sr. Félix Cotto Febo comenzó a fungir como "administrador" del Condominio La Arboleda.  Sostuvo que éste no le mostró el permiso que emite el DACo para ejercer esas funciones, según lo requiere el Reglamento 9263[3]. Adujo que el Sr. Cotto Febo le informó que trabajaba para la compañía Total Administration y que este no tenía licencia ni permiso.   Mencionó que, al visitar las oficinas administrativas de Total Administration, pudo obtener unas fotos del documento intitulado "Renovación de Contrato de Servicios de Administración", firmado el 10 de mayo de 2023. Mencionó que en el referido contrato, la Administración indicó que, "atenderá y ejercerá deberes de este contrato, por medio de la asignación de un(o) Asistente Administrador(o) Interino durante…".[4]   Solicitó como remedio que el DACo procediera con las acciones correspondientes por el alegado incumplimiento a los Artículos 49 y 58 de la Ley de Condominios.

El 19 de febrero de 2024, Carmona Rivera solicitó la anotación de rebeldía de la parte querellada, porque no respondieron en el término de veinte (20) días que otorgó el DACo.[5]

El 19 de abril de 2024 Total Administration, representada por su propietaria Mayra I. Bezares Gómez presentó la *Contestación para Alegaciones en Querella*.  Como parte del

---

[1] Artículo 49- Consejo de Titulares-Poderes y Deberes (31 LPRA sec. 1922u).
[2] Artículo 58- Contratos con Suplidores de Materiales y Proveedores de Servicio por parte de la Junta de Directores (31 LPRA sec. 1923c).
[3] *Reglamento Sobre Licencia, Permiso y Registro de Agentes Administradores de Condominios*, Reglamento Número 9263, (Reglamento 9263), vigente desde el 20 de marzo de 2021.
[4] Apéndice, págs. 22-24.
[5] Apéndice, págs. 55-56.

escrito, le incluyó al DACo la copia de los documentos de licencia de agente administradora, pólizas y contrato de servicios administrativos. Aclaró que el Sr. Cotto Febo no era asistente de agente administrador certificado por DACo, no obstante, sus funciones eran clericales, bajo la supervisión de la agente administradora Bezares Gómez.[6]

Trabada la controversia, el 22 de julio de 2024, el DACo emitió una *Resolución Sumaria* mediante la cual desestimó la querella. Fundamentó su decisión en la falta de jurisdicción de la agencia debido a que la querellante no incluyó al Consejo de Titulares como parte querellada. El DACo indicó que el Consejo de Titulares era el ente con personalidad jurídica para atender todo lo relacionado a la administración y gobierno del régimen de propiedad horizontal, a tenor con los Artículos 48 y 49 de la Ley de Condominios de Puerto Rico. Consideró que ni la Junta de Directores, ni Total Administration, tenían legitimación pasiva para ser demandados.

Inconforme, el 12 de agosto de 2024, Carmona Rivera incoó una *Moción de Reconsideración*. Al no recibir respuesta, la recurrente acudió ante este Tribunal de Apelaciones y nos plantea los siguientes señalamientos de error:

> **Primero:** El DACo erró al desestimar la querella por la supuesta falta de inclusión del Consejo de Titulares, sin otorgar a la parte querellante la oportunidad de enmendarla para incluir al ente adecuado. La omisión de una parte indispensable es un error subsanable que pudo haberse corregido, permitiendo que el proceso continuara y asegurando que se atendieran los méritos de la controversia.

> **Segundo:** El DACo se equivocó al desestimar la querella contra Total Administration, Inc., Mayra Bezares y Félix Cotto, al equipararlos con la Junta de Directores y concluir que carecen de legitimación pasiva. Como agentes administradores, están sujetos

---

[6] Apéndice, págs. 59-61.

a responder por sus actos y omisiones que afectan la administración y los derechos de los titulares, conforme al Reglamento 9263, por lo que debieron permanecer como parte querellada.

En su recurso, Carmona Rivera nos informó que tenía un caso pendiente de dilucidar en este foro apelativo con las mismas partes, bajo el caso KLRA202400519. Indicó que, en esa acción, el DACo desestimó la querella bajo el fundamento de que la controversia se había tornado académica porque Total Administration, Inc. renunció como administrador.

En nuestra función revisora, tomamos conocimiento de referida acción.

Mientras tanto, le ordenamos a la parte recurrida a presentar su posición en torno al recurso, pero no compareció. Sometido el asunto, disponemos.

**II.**

**A.**

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*, pág. 626; Batista, Nobbe v. Jta. Directores, 185 DPR 206, 215 (2012).

La parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, *supra*; OCS v. Universal, 187 DPR 164, 178-179 (2012); González Segarra v. CFSE, 188 DPR 252, 276-278 (2013).

En cuanto a las conclusiones de derecho, estas serán revisables en todos sus aspectos por el tribunal. Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675; Hernández Feliciano v. Mun. Quebradillas, *supra*; ECP Incorporated v. OCS, 205 DPR 268, 281-282 (2020).   Se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Mun. Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo **erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar**; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Hernández Feliciano v. Mun. Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

**B.**

La Ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como Ley Orgánica del Departamento de Asuntos del Consumidor, [DACo] 3 LPRA sec. 341, *et seq.*, estableció en la agencia una estructura de adjudicación administrativa "con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho". 3 LPRA sec. 341e(d); Ortiz Rolón v. Soler Auto Sales, et al., 202 DPR 689, 696 (2019); Amieiro González v. Pinnacle Real Estate, 173 DPR 363, 372 (2008).

Como parte de sus funciones, el DACo aprobó el Reglamento Núm. 8034 de 13 de julio de 2011 (Reglamento 8034). Este fue creado con el propósito de, "asegurar la solución justa, rápida y económica de las querellas presentadas ante o por el Departamento y proveer un procedimiento uniforme para su adjudicación." Regla 1 del Reglamento 8034.

En cuanto a la desestimación de las querellas, la Regla 10.1 del Reglamento 8034 dispone como sigue:

> El Departamento podrá ordenar al querellante que muestre causa por la cual no deba desestimarse la querella, a iniciativa propia o a solicitud del querellado, si la querella no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, **por falta de jurisdicción**, o por cualquier otro fundamento que en Derecho proceda. En caso de desestimación, el Departamento orientará al querellante sobre los remedios legales que tiene disponibles para proteger sus intereses.

**C.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. R&B Power Inc. v. Junta de Subasta ASG, 2024 TSPR 24, 213 DPR ___ (2024); Pueblo v. Torres Medina, 211 DPR 950, 958 (2023); FCPR v. ELA et al., 211 DPR 521, 529 (2023); Cobra

Acquisitions v. Mun. Yabucoa, et al., 210 DPR 384, 394 (2022); Pueblo v. Rivera Ortiz, 209 DPR 402, 414 (2022).

Para adjudicar un caso, el juzgador debe tener tanto jurisdicción sobre la materia como **sobre las partes litigiosas**. R&B Power Inc. v. Junta de Subasta ASG, *supra*; FCPR v. ELA et al., *supra*; Cobra Acquisitions v. Mun. Yabucoa et al., *supra*.   Se ha reconocido que un foro actúa sin jurisdicción cuando adjudica sin contar con todas **las partes indispensables** para la controversia. FCPR v. ELA et al., *supra*; García Colón et al. v. Sucn. González, 178 DPR 527, 550 (2010). (Énfasis añadido).

En esa línea, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula el mecanismo de la acumulación de parte indispensable. En lo pertinente, dispone que, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, **se harán partes y se acumularán como demandantes o demandadas**, según corresponda". Íd.; FCPR v. ELA et al., *supra*, pág. 530.  De este modo, la referida regla busca evitar que la persona ausente se vea privada de su propiedad sin un debido proceso de ley y permitir que el remedio adjudicado sea completo. Pérez Rosa v. Morales Rosado, 172 DPR 216, 223 (2007); ver además, Pérez Ríos et al. v. CPE, 2023 TSPR 136, 213 DPR ____ (2023).  Esto es, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley que le cobija. Pérez Ríos et al. v. CPE, *supra*; Romero v. SLG Reyes, 164 DPR 721, 733 (2005).

Una vez el Tribunal concluya que una persona es parte indispensable, el pleito no podrá adjudicarse sin su presencia. Por consiguiente, esa persona **se tiene que hacer formar parte del procedimiento** acumulándose como parte demandante o **demandada**, según corresponda. Pérez Rosa v. Morales Rosado,

*supra*.   Así pues, el Tribunal Supremo ha reiterado que, "lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal." FCPR v. ELA et al., *supra*; García Colón et al. v. Sucn. González, *supra*, pág. 550.

### D.

El Artículo 18 de la Ley de Condominios de 2020, Ley Núm. 129-2020, (Ley de Condominios), dispone que el **Consejo de Titulares** constituye la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal. 31 LPRA sec. 1922t.  Agrega que, "[e]l Consejo de Titulares tendrá personalidad jurídica propia y de sus obligaciones frente a terceros, responderán los titulares de forma subsidiaria y sólo con su apartamento". Íd.

El Artículo 49 de la Ley de Condominios, 31 LPRA 1922u, establece los poderes y deberes del **Consejo de Titulares**, a saber:

a) Elegir, por el voto afirmativo de la mayoría, las personas que habrán de ocupar los siguientes cargos:

1) **Junta de Directores**; […]

2) Escoger al **Agente Administrador**, quien podrá ser una persona natural o jurídica, quien podrá o no pertenecer a la comunidad de titulares, y en quien el Consejo de Titulares, el Director o la Junta de Directores podrá delegar las facultades y deberes que les permita delegar el reglamento.  [……..]

i. El Secretario del Departamento de Asuntos del Consumidor podrá adoptar reglamentación para capacitar o certificar a los Agentes Administradores y el pago de los derechos correspondientes. Ningún miembro de la Junta de Directores, podrá fungir como Agente Administrador mientras ocupe dicho cargo.

ii. Todo contrato de administración, deberá contener los siguientes requisitos mínimos: (1) una póliza, a cargo del Agente Administrador, de responsabilidad pública con cubierta mínima de quinientos

mil dólares ($500,000.00); (2) una póliza, a cargo del Agente Administrador, sobre riesgos por deshonestidad o constitutivos de delito o fraude (*crime*), (3) una póliza, a cargo del Agente Administrador, sobre responsabilidad profesional con cubierta mínima de quinientos mil dólares ($500,000.00), (4) poseer una póliza vigente obrero-patronal expedida por la Corporación del Fondo del Seguro del Estado, y (5) presentar un Certificado Negativo de Antecedentes Penales. De ser el Agente Administrador una persona jurídica, el Certificado Negativo de Antecedentes Penales será del Oficial Principal de la entidad y de todas las personas naturales que trabajen directamente en la administración de dicho condominio. Los requisitos aquí establecidos deberán estar vigentes en todo momento que se persista la relación contractual. Será deber del Agente Administrador de suministrar los documentos que acrediten el cumplimiento y será deber de la Junta de Directores, solicitar los mismos.

      iii.    […]

Salvo que el reglamento disponga otra cosa estos nombramientos serán por un año.

b) **Conocer las reclamaciones que los titulares de los apartamentos formulen contra los aludidos en el inciso (a)** y tomar las medidas correspondientes, que puede incluir la remoción de los mismos, por acuerdo mayoritario tomado en reunión extraordinaria convocada al efecto. (Énfasis añadido).

Relacionado a los Poderes y Deberes del Director o Junta de Directores, el Artículo 53 de la Ley de Condominios, 31 LPRA sec. 1922y, establece que el Director o la Junta de Directores constituye el órgano ejecutivo de la comunidad de titulares. El Artículo 54 de la Ley de Condominios, dispone que, "el Presidente representará en juicio y fuera de él a la comunidad en los asuntos que la afecten y presidirá las asambleas del Consejo de Titulares." 31 LPRA 1922Z. Estatuye, además, que:

Cuando se trate de acciones para hacer cumplir ésta o cualquier otra ley aplicable, el reglamento del Condominio o los acuerdos del Consejo de Titulares, **o cuando el Consejo de Titulares o la Junta de Directores**, en representación de éste, deba comparecer en pleito como demandado **o querellado**, el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente, previa consulta a la Junta. […]

Ahora bien, en cuanto a las *Impugnaciones de Acciones u Omisiones de la Junta de Directores, Administrador Interino y Acuerdos y Determinaciones del Consejo*, el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, establece, en lo aquí pertinente, como sigue:

Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del **Agente Administrador** así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:

a) cuando sean **contrarios a esta Ley**, la escritura matriz y reglamento del condominio;

b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

[…]
En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, **así como cualquier reclamación presentada en contra del agente administrador**. […]   En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del **Agente Administrador** o **del Consejo de Titulares**, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. […].

Para la *Presentación de Acciones de Impugnación*, el Artículo 66 de la Ley de Condominios, 31 LPRA sec. 1923k, establece que:

El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo

condominio en el que exista por lo menos un apartamento dedicado a vivienda. El Secretario tendrá la capacidad de nombrar el personal necesario para la pronta atención de las querellas presentadas por **los titulares de apartamentos al amparo de esta Ley contra el Consejo de Titulares o el Agente Administrador**, o por la Junta de Directores al amparo de aquellas leyes especiales aplicables.

**E.**

El 18 de febrero de 2021, el DACo promulgó el *Reglamento Sobre Licencia, Permiso y Registro de Agentes Administradores de Condominios*, Reglamento Número 9263, (Reglamento 9263), vigente desde el 20 de marzo de 2021.

La Regla 2 del Reglamento 9263 dispone lo siguiente:

Este Reglamento se adopta con el propósito y a los fines de crear un registro de agentes administradores de condominios, el proceso para su certificación, y los mecanismos para la otorgación de licencias y permisos a aquellas personas que reúnan los requisitos y las condiciones que más adelante se detallan. Las Reglas aquí contenidas buscan brindar mayor protección a los condóminos frente a potenciales practicas indeseables en la administración de los condominios, crear un balance de intereses entre los agentes administradores de condominios y los consejos de titulares, y establecer los procedimientos y **las sanciones aplicables a las personas que incumplan con estas disposiciones**. (Énfasis nuestro).

En armonía a la Ley de Condominios, la Regla 4 del Reglamento 9263 contiene las siguientes definiciones:

(a) Agente Administrador - Persona natural o jurídica designada por el Consejo de Titulares para administrar la operación diaria del condominio, bajo la supervisión del Director o la Junta de Directores.

(b) Asistente Administrador - Persona natural que presta sus servicios a un Agente Administrador, para asistirle en las funciones propias de administración, bajo la supervisión de dicho Agente Administrador, que es quien asume entera responsabilidad frente al Consejo de Titulares por los servicios brindados al condominio.

(h) Licencia - Autorización, certificado, concesión, privilegio o permiso expedido por el DACO a una persona para dedicarse al negocio de Agente Administrador.

(j) Permiso - Autorización, certificado, concesión, privilegio o permiso expedido por el DACO a una persona para dedicarse a las funciones de "Asistente Administrador".

Por su parte, la Regla 20 del Reglamento 9263 sobre Sanciones Administrativas, indica como sigue:

Toda persona que incurra en violación a las disposiciones del Reglamento podrá ser sancionada por el Secretario con una multa administrativa, bajo los criterios contenidos en el Reglamento de Multas del Departamento que esté vigente a la fecha de la infracción.

A la luz de los preceptos jurídicos antes mencionados revisamos.

### III.

En el primer señalamiento de error, la Sra. Carmona Rivera alegó, en síntesis, que presentó una querella ante el DACo para denunciar ciertas irregularidades administrativas que observó en la gestión del administrador designado, Total Administration, Inc. Adujo que dirigió su reclamación contra la Junta de Directores, porque era la entidad visible encargada de la administración diaria del Condominio. Sostuvo que el DACo no le concedió la oportunidad de enmendar la querella, pues la omisión de parte indispensable es un error subsanable. Señaló que el derecho a un debido proceso exige que se le otorgue la oportunidad de corregir la querella para incluir al Consejo de Titulares y así garantizarle que la acción se tramite de manera justa, rápida y económica. Revisamos.

La recurrente no cuestionó el hecho de que se debía incluir al Consejo de Titulares, como parte indispensable, sino que, su inconformidad fue que se le debió permitir enmendar la querella.

Sobre este particular, es norma reiterada que la omisión de incluir a una parte indispensable priva de jurisdicción al ente administrativo de atender la querella y otorgar algún remedio.

Ahora bien, en cuanto a la desestimación de las querellas, la Regla 10.1 del Reglamento 8034 de DACo, dispone que el Departamento podrá ordenar al querellante que muestre causa por la cual no deba desestimarse la querella **por falta de jurisdicción**, o por cualquier otro fundamento que en Derecho proceda.

En este caso, como muy bien indicó el DACo, la acción se debió dirigir contra el Consejo de Titulares, quien es el ente con personalidad jurídica que podía ser demandado. No obstante, de acuerdo con la Regla 10.1 antes mencionada, para subsanar ese defecto, y en aras de cumplir con la economía procesal, lo razonable y adecuado era que el DACo le concediera un término a la parte querellante para enmendar la querella para incluir al Consejo de Titulares como querellado.[7] Así que, como paso previo a la desestimación, el DACo debió permitir la inclusión de esa parte indispensable. El error fue cometido.

En el segundo señalamiento, Carmona Rivera alegó que se equivocó el DACo al desestimar la querella incoada contra Total Administration, Inc. Mayra Bezares y Félix Cotto, al equipararlos con la Junta de Directores. Adujo que los Agentes Administradores tienen un rol distinto al Consejo de Titulares y están sujetos a las disposiciones del Artículo 65 de la Ley de Condominios y el Reglamento 9263. En particular, expresó que el Reglamento 9263 prevé la posibilidad de presentar querellas contra Agentes Administradores que no cumplan con sus deberes o que actúen negligentemente en el ejercicio de sus funciones. Revisamos.

---

[7] Véase, Regla 16.1 y <u>Pérez Rosa v. Morales Rosado</u>, *supra.*

En cuanto a este tema, el expediente refleja que la Sra. Carmona Rivera presentó una querella por asuntos relacionados al administrador de Total Administration, Inc. En esencia, alegó que este no cumplió con ciertos requisitos que le exige el Artículo 49 (a)(ii) y 58 de la Ley de Condominios.

El DACo entendió que el Agente Administrador no ostentaba personalidad jurídica para responder, pues era un ente mandatario del Consejo de Titulares.

Aun cuando el Agente Administrador fuese seleccionado por el Consejo de Titulares, ello no impide que sea incluido en una acción como parte querellada. En esta línea, el Artículo 65 de la Ley de Condominios, *supra*, provee para que los titulares puedan llevar una causa de acción en cuanto a las acciones u omisiones del Agente Administrador, cuando sus actos sean contrarios a la Ley de Condominios. Asimismo, el Artículo 66 de referida Ley de Condominios, le concede la facultad al DACo para dilucidar las querellas que presenten los titulares contra el Agente Administrador.

Por tanto, la ley claramente establece que las querellas de los titulares también se pueden instar contra el Agente Administrador.

De igual manera, el *Reglamento Sobre Licencia, Permiso y Registro de Agentes Administradores de Condominios*, Reglamento 9263, *supra*, regula el proceso de certificación, licencias y permisos a aquellas personas que reúnan los requisitos de agentes administradores. El Reglamento permite que se puedan aplicar sanciones a las personas que incumplan con estas disposiciones. Ver Regla 2 y 20, del Reglamento 9263, *supra*.

Así que, de lo anterior podemos razonablemente concluir que los Agentes Administradores, sí pueden ser incluidos como

querellados, cuando se alegue que estos no han cumplido con los requisitos que la Ley de Condominios y el Reglamento 9263, les exige. En ese sentido, incidió el DACo al decretar que no ostentaba jurisdicción sobre Total Administration, Inc.

## IV.

Por los fundamentos expuestos, revocamos la Resolución recurrida, devolvemos el caso al DACo para que le conceda un término a la parte querellante para incluir como parte demandada al Consejo de Titulares y se continúe con el procedimiento administrativo a partir de esa etapa procesal.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones